J. JONES, Justice,
specially concurring.
I fully concur in the Court’s opinion. Because John Doe’s conviction of first degree murder was the sole reason for granting the termination of parental rights and because the murder conviction was vacated, the judgment granting termination cannot be upheld. John Doe’s murder conviction was vacated because the State “failed to demonstrate beyond a reasonable doubt that the constitutional error in excluding the proffered evidence did not affect the jury’s verdict” in that case. That does not mean that the evidence presented in the murder trial could not have been used in this ease as a means of establishing grounds for termination under Idaho Code section 16-2005(2)(b)(iv), or perhaps other provisions of Section 16-2005. The standard of proof in termination actions is obviously lesser than beyond a reasonable *553 doubt. The respondents, the children’s maternal grandparents, will have the opportunity to explore the various options open to them, regardless whether there is an actual criminal conviction, upon remand. The magistrate found that they have provided “a warm, loving, stable and secure environment for the children,” and that the children “are doing quite well in their grandparents’ home.” For that they are to be commended.